## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS SHARP,

    Plaintiff,

v.                                      No. 1:21-cv-0770-KWR-SCY

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court following Plaintiff Donald Thomas Sharp's refusal to comply with the *in forma pauperis* statute.   Sharp is incarcerated and proceeding *pro se*.   On August 17, 2021, he filed a Civil Complaint alleging the Federal Bureau of Investigation (FBI) refuses to investigate treason by state officials.   *See* Doc. 1.   This is one of at least 41 cases filed by Sharp in the past eight months.   *See Sharp v. New Mexico,* 2021 WL 4820736, at *3 (D.N.M. Oct. 15, 2021) (listing each filing).   By an Order entered August 18, 2021, the Court directed Sharp to prepay the $402 civil filing fee or file an *in forma pauperis* motion "along with an inmate account statement reflecting transactions between February 17, 2021 and August 17, 2021."   *See* Doc. 3.   The Order warned that the failure to timely comply would result in dismissal of this action without further notice.

Sharp filed an *in forma pauperis* motion without the attached account statement.   *See* Doc. 5.   He also filed a series of motions amplifying both his claims and his unsupported assertions regarding indigency.   *See* Docs. 7, 9-11.   On September 27, 2021, Sharp filed a Motion To Discharge All Fees And Costs, which specifically addresses the account statement.   *See* Doc. 8. Sharp maintains that he "does not require *in forma pauperis* forms," and federal law permits all

debts to be discharged because the "Treasury belongs to the citizens." *Id.* Such tactics are used by sovereign citizens and do not excuse Sharp from complying with Court orders. *See, e.g., In re Hardee*, 2021 WL 1186477, at \*2 n. 2 (Bankr. N.D. Ga. Mar. 26, 2021) (describing the sovereign citizen ideology that the "U.S. Government [is] ultimately responsible for satisfaction of … [citizens'] debts"); *Leiter v. Nickrenz,* 2016 WL 7191614, at \*2 (D. Minn. Dec. 12, 2016) (noting sovereign citizen theory that the "the Treasury Department[ ] was responsible for [litigant's] debt").

Sharp's argument is also contrary to 28 U.S.C. § 1915(a)(2), which requires every prisoner to submit a certified inmate account statement reflecting six months of transactions. The fact that it may be inconvenient to submit financial forms in over 40 cases is not relevant to the analysis. The Supreme Court has emphasized that "1915(b)(1) calls for assessment of 'an initial partial filing fee' *each time* a prisoner 'brings a civil action," and the Court must collect "'monthly payments of 20 percent of the preceding month's income' simultaneously for *each action* pursued." *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016) (emphasis added). Where, as here, the plaintiff refuses to provide the required forms under § 1915, courts may dismiss the case. *See, e.g., Salazar v. Arapahoe Cty. Det. Facility,* 787 Fed. App'x 542, 543 (10th Cir. 2019) (affirming dismissal order where "none of [plaintiff's] letters addressed the inmate account statement or explained his failure to comply with the ordered deadline"); *Sheptin v. Corr. Healthcare Mgmt. Contractor Co.*, 288 Fed. App'x 538, 540-41 (10th Cir. 2008) ("district court did not abuse its discretion by dismissing [Plaintiff's] action without prejudice based upon his failure to comply with … order to submit his … six-month account statement"); *Gonzales v. Bernalillo Cty. Dist. Ct.*, 640 Fed. App'x 759, 762 (10th Cir. 2016) (same).

2

Based on this authority and Sharp's refusal to comply with § 1915 in this (or any) case, the Court will deny his Motion to Discharge Fees and Costs (Doc. 8). The Court will also dismiss the instant Civil Complaint (Doc. 1) pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders." *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). All remaining motions for leave to proceed *in forma pauperis*, to enter evidence, and for summary judgment (Docs. 5, 7, 9, 10, and 11) will be denied as moot.

**IT IS ORDERED** that Plaintiff Donald Thomas Sharp's Motion to Proceed *In Forma Pauperis* (**Doc. 5**); Motions to Enter Evidence (**Docs. 7, 9**); Motion to Discharge All Fees and Costs (**Doc. 8**); and Motions for Summary Judgment (**Docs. 10, 11**) are **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff Donald Thomas Sharp's Civil Complaint filed August 17, 2021 (**Doc. 1**) is **DISMISSED WITHOUT PREJUDICE**; and the Court will enter a separate judgment closing the civil case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**